UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>v.<br><br>**FRANCIS AKUAZAOKU**,<br><br>Defendant. | Criminal No. 16-cr-00090-1 (TSC) |

## OPINION & ORDER

In 2019, the court sentenced Defendant Francis Akuazaoku to 120 months incarceration and 60 months supervised release for conspiracy to import illegal substances and conspiracy to commit money laundering. J. at 1–3, ECF No. 422. Akuazaoku now asks the court to reduce his sentence under 18 U.S.C. § 3582(c) pursuant to the Adjustment for Certain Zero-Point Offenders in U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 4C1.1. Mot. to Reduce Sent., ECF No. 433. Because Akuazaoku received three criminal history points, he is ineligible for the zero-point offender adjustment in § 4C1.1, and therefore his Motion to reduce his sentence is DENIED.

In June 2019, Akuazaoku pleaded guilty to one count of conspiracy to import one kilogram or more of a mixture or substance containing heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(A), and 963, and one count conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 1956(h). At sentencing, the court determined the appropriate guidelines range was 151 to 188 months, based on an offense level of 33 and three criminal history points, resulting in a criminal history category of II. Statement of Reasons at 1, ECF No. 423. In light of Akuazaoku's plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the court departed downward and sentenced Akuazaoku to 120

months incarceration on each count, running concurrently, with credit for time served, and 60 months of supervised release. *Id.* at 2; J. at 3–5. Akuazaoku's current release date is February 8, 2027. He requests a sentence reduction under 18 U.S.C. § 3582(c) in light of Amendment 821 to the U.S. Sentencing Guidelines. Mot. to Reduce Sent. at 1. The Government did not respond to Akuazaoku's motion, despite the court's invitation to do so. Minute Order (May 9, 2024).

Under 18 U.S.C. § 3582(c)(2), the court may modify a term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The court follows a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010); U.S.S.G. § 1B1.10 (U.S. Sent'g Comm'n 2024). First, the court determines the defendant's "eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. This entails calculating the applicable guideline range had the relevant amendment been in effect at the time of the original sentencing. *Id.* The court may not reduce the sentence to a term less than the minimum of the amended guideline range. *Id.* At step two, the court considers the factors in 18 U.S.C. § 3553(a) to determine whether a reduction "is warranted . . . under the particular circumstances of the case." *Id.*

The Sentencing Commission adopted Amendment 821 in September 2023 and it took effect in November 2023. Sent'g Guidelines for the U.S. Courts, 88 Fed. Reg. 60534-02 (Sept. 1, 2023). It created a new guideline provision, Section 4C1.1, which "provides for a two-level reduction of the total offense level if 'the defendant did not receive any criminal history points' and meets several other eligibility criteria." *United States v. Bauer*, 714 F. Supp. 3d 1, 4 (D.D.C. 2024) (quoting U.S.S.G. § 4C1.1). The Sentencing Commission determined that Amendment 821 would apply retroactively, effective February 1, 2024. *Id.*; *United States v. Dawodu*, No. 21-cr-

145, 2023 WL 3104759, at *2 (D.D.C. June 24, 2024) ("The Sentencing Commission made 4C1.1 retroactive, so that a defendant who has already been sentenced may seek relief from the sentencing court.").

To meet the § 4C1.1 criteria for a two-point offense level reduction, the defendant must have zero criminal history points. U.S.S.G. § 4C1.1. The court determined, and Azuazaoku agreed, that he received three criminal history points resulting in a criminal history category of II. Statement of Reasons at 1; Def.'s Sent'g Mem. at 3, ECF No. 419 ("Mr. Akuazaoku agrees with the criminal history calculation as provided in the pre-sentence report, namely that he has 3 criminal history points for a criminal history category II."). He therefore fails to satisfy the threshold eligibility requirements for a sentence reduction based on Amendment 821's change to § 4C1.1. Consequently, Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

Date: December 2, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge